IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY BRIAN MALLGREN, *Plaintiff,* | § | 5:26-CV-05496-JKP |
| vs. | § | |
| UNITED STATES OF AMERICA, X CORP., *Defendants.* | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the Application to Proceed *in Forma Pauperis* filed by pro se Plaintiff Anthony Mallgren. *See* Dkt. No. 1. The Application was automatically referred for disposition pursuant to 28 U.S.C. § 636(b) and the June 30, 2025, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed in Forma Pauperis for the San Antonio Division of the Western District of Texas. The Court has authority to enter this recommendation regarding Orellana's request for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 636(b)(1)(B).

Having considered the application and documentation provided by Orellana, the Court recommends that Orellana's IFP Application, Dkt. No. 1, be **DENIED**. The information provided doesn't reveal that payment of costs and fees in this case would cause an undue financial hardship.

All parties instituting any civil action, suit, or proceeding in this district court, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).

The district court also generally imposes an administrative fee of $50.00.[1] The Court, however, may waive the initial filing fee and costs where a plaintiff submits an IFP affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners).

When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 697 (E.D. Tex. 1999). The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).

Mallgren, in his IFP application, swears under penalty of perjury that he is unable to pay court costs and fees, and that doing so would pose a substantial burden. *See* Dkt No. 1. But Mallgren also discloses that he is employed and earns $2,200 per month, in addition to receiving

---

[1] *See Fee Schedule*, W.D. TEX., https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Jul. 24, 2026); *see also District Court Miscellaneous Fee Schedule* ¶ 14, U.S. COURTS, https://www.uscourts.gov/court-programs/fees/district-court-miscellaneous-fee-schedule (last updated December 1, 2023).

$3,080 (presumably monthly) in disability benefits. *See id.* Mallgren also has $3,147 available in cash or bank accounts. *See* Dkt *See id.* Mallgren does not claim any dependents or debts. *See id.*

As of 2026, the federal poverty guideline for a single-person household indicates that $1,330 per month is the threshold for poverty.[2] Mallgren's monthly salary and benefits significantly exceed that amount. Accordingly, Mallgren has failed to provide sufficient information demonstrating that denying him IFP status in this case would result in an undue hardship.[3]

**Conclusion and Recommendation**

The Court therefore recommends that Mallgren's pro se Application to Proceed in District Court without Prepaying Fees or Costs, Dkt. No. 1, be **DENIED**. Mallgren should be directed to either pay the full (or at least a partial) filing fee and costs[4] or face dismissal of his proposed Complaint for failure to prosecute or failure to comply with the orders of this Court. *See* Fed. R.

---

[2] Annual Update of the HHS Poverty Guidelines, 91 Fed. Reg. 1,797, 1,798 (Jan. 15, 2026).

[3] *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc*., 865 F.2d 22, 23 (2d Cir. 1988) (district court did not abuse its discretion in denying civil defendant IFP status where defendant's estimated net income was approximately $20,000 annually; "[a]lthough section 1915 does not require a party to prove destitution, Sears has not demonstrated the poverty found in cases . . . that have granted *in forma pauperis* status); *Duru v. Schreiner*, No. 3:14-CV-3653-L-BH, 2014 WL 12580490, at *1 (N.D. Tex. Nov. 7, 2014), *report and recommendation adopted*, 2014 WL 12580491 (N.D. Tex. Dec. 3, 2014) (denying plaintiff IFP status where plaintiff claimed $1,846 a month in disability payments and listed no dependents; $22,152 in annual income far exceeded the applicable poverty level for a one-person household of $11,670); *Branch v. Vandergriff*, No. 4:15-CV-009-O, 2015 WL 12732614, at *1 (N.D. Tex. Jan. 7, 2015) (recommending district court deny plaintiff's IFP application where plaintiff's total annual income was $43,800; even though plaintiff listed three dependents, this income far exceeded $23,850—the applicable poverty guideline for a four-person household).

[4] *See Prows*, 842 F.2d at 140 (noting, "a district court may order users of the courts to pay a portion of the filing fees when they are financially able to do so").

Civ. P. 41(b). To the extent Mallgren's financial circumstances change, he can reapply for IFP status.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this deadline is modified by the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the presiding District Judge's standing orders or other Court order. *See* W.D. Tex. Local Rule CV-7. The objecting party shall file the objections with the Clerk of the Court and serve the objections on all other parties.

A party is entitled to a *de novo* review by the District Judge of the findings and conclusions contained in this Report and Recommendation, only if specific objections are made. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the default time to file objections from 10 to 14 days). An objecting party must therefore specifically identify those findings, conclusions, or recommendations to which objections are made, as well as the basis for all such objections; the District Judge need not consider frivolous, conclusory, or general objections. *Id*. Failure to timely

file written, specific objections to any proposed findings, conclusions, or recommendations contained in this Report and Recommendation will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the District Judge, except on grounds of plain error, given that the party is here provided notice that such consequences will result from a failure to object. *See* 28 U.S.C. § 636(b)(1)(C); *Douglass*, 79 F.3d at 1417. Finally, facts or legal arguments raised for the first time in objections to a Magistrate Judge's findings, conclusions, and recommendations are "not properly before the district court." *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[The Fifth Circuit] considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district [judge] in objections to the magistrate judge's report and recommendation.").

**IT IS SO ORDERED**.

**SIGNED** this 15th day of October, 2026.



RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE