**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**ANTHONY BRIAN MALLGREN,**

***Plaintiffs*,**

**v.** **Case No. 5:26-CV-5496-JKP**

**UNITED STATES OF AMERICA**
**and X CORP,**

***Defendants.***

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge (ECF No. 3), wherein the assigned Magistrate Judge recommends that the undersigned deny Plaintiff's pro se Application to Proceed In Forma Pauperis ("IFP") (ECF No. 1) without prepaying fees or costs and direct Plaintiff to either pay the full filing fee and costs or face dismissal for failure to prosecute or failure to comply with an order of the Court. The Magistrate Judge considered the IFP application and financial information provided in support. He notified Plaintiff of his right to object. No party has filed any objection to the R&R, and the time for doing so has expired.

Any party who seeks review of all or a portion of an R&R must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object, the District Court may review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex.

2016) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).[1]

Consistent with § 636(b)(1)(C) and Rule 72(b)(2), the Court has reviewed the subject R&R for clear error on the face of the record. The Court finds no such error. Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation (ECF No. 3). As recommended, the Court **DENIES** the Application to Proceed In Forma Pauperis (ECF No. 1). Unless Plaintiff pays the full fee ($405) required under 28 U.S.C. § 1914(a) **on or before December 3, 2026**, the Court will dismiss this action without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). **Upon receipt of payment, the Clerk of Court shall file the complaint attached as an exhibit to Plaintiff's IFP application**.

Rule 41(b) provides authority for courts to dismiss an action for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). And they have "inherent authority" to do so sua sponte. *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). To "achieve the orderly and expeditious disposition of cases," courts have the power, "on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630-31.

Plaintiff is advised that it is his responsibility to prosecute this case and that the case cannot proceed until defendants have been served with summons and a copy of the complaint. It

[1] While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Wilson*, 864 F.2d at 1221.

is his responsibility have the summons issued upon his payment of the fees due. Furthermore, the Court may dismiss this case without prejudice if the "defendant is not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Similarly, a failure of Plaintiff to keep the Court apprised of his current address may also result in dismissal of this case without prejudice and without further notice to Plaintiff.

**IT IS SO ORDERED this 3rd day of November 2026.**

Jason Pulliam

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**